UNITED STATES of America v. Alfred BRAWER, Appellant.

No. 10884.

United States Court of Appeals
Third Circuit.

Submitted May 22, 1953.

Decided June 30, 1953.

Rehearing Denied Sept. 22, 1953.

See 207 F.2d 111.

Alfred Brawer, pro se.

Grover C. Richman, Jr., Newark, N. J., and John R. Everitt, South Amboy, N. J., for appellee.

Before MARIS, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from conviction of possession of goods stolen while in inter-

state commerce knowing them to have been stolen, 18 U.S.C. § 659 (Supp.1952) and of conspiracy to receive and possess goods stolen from interstate commerce, 18 U.S.C. § 371 (Supp.1952).

The first group of errors urged by appellant relate to the sufficiency of the evidence to sustain the verdict and to the credibility of his alleged accomplices, who testified against him. The voluminous record of a four week trial reveals a picture of several co-defendants each trying to tell a story which will cast as much blame on others and as little on himself as possible. It is obvious that not only cannot the stories of all be reconciled but in several instances testimony of a single defendant is internally inconsistent or is inconsistent with statements previously made by him to investigating agents of the Federal Bureau of Investigation. Since all defendants took the stand, the credibility of each was fully explored by lengthy cross-examination both as to prior inconsistent statements and as to past criminal records. The question of who was telling the truth in what part of his story was submitted to the jury under proper instructions as it should have been.

Appellant also urges misconduct on the part of the prosecuting attorney. The only incident in the long trial which lends any color to this charge occurred when, during the prosecutor's summation to the jury, he told them that defendant Brawer's attorney was Brawer's uncle. Appellant's attorney objected and moved for a mistrial or in the alternative for a full explanation of how uncle came to represent nephew. The judge thereupon made a full and adequate explanation reasonably calculated to prevent the jury from drawing any inference prejudicial to the defendant.

Appellant contends, in his brief submitted here pro se, that one of the jurors was a friend of a hostile conspirator, Dr. Handler, and denied this fact in order to gain a seat on the jury. Appellant further charges that this fact was made known to the court before the trial actually began and that the court "admonished" the juror in private but allowed him to remain on the jury. Though Dr. Handler and appellant were technically co-defendants, it is clear from the record that at the trial their interests were very antagonistic. But no transcript of the examination on voir dire appears, nor is there anything else in the record to shed any light upon this charge. If such a situation did in fact exist it would present a question deserving careful consideration. But on the present record the charge is wholly unsubstantiated and cannot be sustained.

We have examined all the other points raised by appellant and have made an independent search of the record in its entirety. We have found no error.

The judgment will be affirmed.